UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
CRAIG KEATHLEY, MOLLY KEATHLEY          :
and MK, an infant by her mother and natural
Guardian, MOLLY KEATHLEY,                        :

                    Plaintiffs,          :          **MEMORANDUM AND ORDER**

               v.                              :

                                      19-CV-9516 (KNF)
KENNEDY ANNOR, SURINDER K. GERA,      :
SAMUEL H. KIM and MARK P. RINGO,

                             :

              Defendants.
--------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## BACKGROUND

      On September 4, 2020, the Court denied the petitioner's motion for settlement approval,

without prejudice, based on the petitioner's failure to comply with New York Civil Practice Law

and Rules ("CPLR") §§ 1208(a)(8) and 1208(b)(2), and directed the petitioner to submit to the

Court the retainer agreement entered into with counsel and the proposed settlement agreement.

See Docket Entry No. 22.  The petitioner not having made any filings, on September 28, 2020,

the Court ordered the petitioner to "file the revised petition correcting the deficiencies, which

shall include the documents requested by the Court's September 4, 2020 order," on or before

October 5, 2020.  Docket Entry No. 23.  On September 28, 2020, the petitioner filed a document

styled "Proposed Infant Compromise Settlement Order" accompanied by a single-page document

styled "Retainer."  Docket Entry No. 25.  The "Retainer" indicates, inter alia: "Thirty-three and

one-third (33 1/3) percent of the sum recovered as and for Craig Keathley and Molly Keathley,

and such amount or percentage of the sums recovered that the Court shall award to [the infant],

pursuant to an Infant's Compromise Order, whether recovered by suit, settlement or otherwise."

Docket Entry No. 25-1.  On October 7, 2020, the Court scheduled an initial pretrial conference, which was conducted on October 21, 2020.  See Docket Entry No. 26.

On October 21, 2020, the petitioner filed: (1) "Attorney's Affidavit Pursuant to CPLR §§ 1208(a)(8) and 1208(b)(2)," Docket Entry No. 27; and (2) a document styled "Proposed Settlement Agreement," Docket Entry No. 28.  The petitioner's attorney, Valerie Katsorhis ("Katsorhis"), states in her affidavit:

> 3. That in accordance with CPLR § 1208(a)(8), the infant's current physical condition is as follows: the laceration above Magen's right eye requiring three (3) sutures, has completely healed without any complication.  There is a slight scar noted, however, the scar is mostly within her eyebrow and is mostly disguised.  Furthermore, the infant petitioner has achieved the maximum medical improvement from the treatment rendered and has resumed all of her usual activities without reservation and without limitation.
>
> 4. That, in accordance with CPLR § 1208(b)(2), our office represents Craig Keathley and Molly Keathley, parents of the infant, [MK], for claims arising from the same underlying incident causing harm to the infant.  All claims involving Craig Keathley and Molly Keathley as against all named Defendants have since been settled.

The document styled "Proposed Settlement Agreement," states, in pertinent parts:

> NOW, in consideration of the following covenants and agreements and upon the mutual promises and covenants contained herein, the parties hereby stipulate and agree as follows:
>
> 1. That this Settlement Agreement is not to be construed as an admission of liability by the Infant Plaintiff or the Defendants and that this Settlement Agreement is made between such parties in full accord and satisfaction of, and in compromise of, the parties' disputed claims and for the purpose of terminating this litigation.
>
> 2. In full and final settlement of all claims hereunder, the Defendants agree to pay to the Infant Plaintiff the sum of Forty-One Thousand Dollars ($41,000.00) (the "Settlement Sum") without interest as follows:
>
> > (a.) Defendants, SURINDER GERA AND KENNEDY ANNOR, are authorized and directed to pay the sum of **FIFTEEN THOUSAND DOLLARS ($15,000.00)** for the full settlement reached for the Infant Plaintiff;
> >
> > (b.) Defendant, SAMUEL H. KIM, is authorized and directed to pay the sum of **TWENTY-FIVE THOUSAND DOLLARS ($25,000.00)** for the full settlement reached for the Infant Plaintiff;
> >
> > (c.) Defendant, MARK P . RINGO, is authorized and directed to pay the sum of **ONE THOUSAND DOLLARS ($1,000.00)** for the full settlement reached for the Infant Plaintiff.

2

3. The parties agree that this Settlement Agreement and its terms supersede any and all prior agreements or understandings between the parties relating to the subject matter of this Agreement.

4. The parties hereby warrant and represent to each other that they: (i) have read and understand all of the terms and conditions of this Settlement Agreement; (ii) intend to be bound by the terms and conditions of this Settlement Agreement; have not relied on any oral or written representations by any other party except as expressly provided for in this Settlement Agreement; and (iv) are executing this Settlement Agreement freely and voluntarily, without coercion or duress, after consultation with independent counsel of their own selection.

5. This Agreement shall be binding on the parties, their respective heirs, administrators, successors and/or assigns.

## LEGAL STANDARD

Local Civil Rule 83.2(a) of this court provides:

Settlement of Actions by or on Behalf of Infants or Incompetents, Wrongful Death Actions, and Actions for Conscious Pain and Suffering of the Decedent
(a) Settlement of Actions by or on Behalf of Infants or Incompetents.
(1) An action by or on behalf of an infant or incompetent shall not be settled or compromised, or voluntarily discontinued, dismissed or terminated, without leave of the Court embodied in an order, judgment or decree. The proceeding upon an application to settle or compromise such an action shall conform, as nearly as may be, to the New York State statutes and rules, but the Court, for cause shown, may dispense with any New York State requirement.
(2) The Court shall authorize payment to counsel for the infant or incompetent of a reasonable attorney's fee and proper disbursements from the amount recovered in such an action, whether realized by settlement, execution or otherwise and shall determine the said fee and disbursements, after due inquiry as to all charges against the fund.
(3) The Court shall order the balance of the proceeds of the recovery or settlement to be distributed as it deems may best protect the interest of the infant or incompetent.

CPLR § 1207 provides:

Upon motion of a guardian of the property or guardian ad litem of an infant or, if there is no such guardian, then of a parent having legal custody of an infant, or if there is no such parent, by another person having legal custody, or if the infant is married, by an adult spouse residing with the infant, or of the committee of the property of a person judicially declared to be incompetent, or of the conservator of the property of a conservatee, the court may order settlement of any action commenced by or on behalf of the infant, incompetent or conservatee.

CPLR § 1208(a) provides:

> Affidavit of infant's or incompetent's representative. An affidavit of the infant's or incompetent's representative shall be included in the supporting papers and shall state:
>
> 1. his name, residence and relationship to the infant or incompetent;
>
> 2. the name, age and residence of the infant or incompetent;
>
> 3. the circumstances giving rise to the action or claim;
>
> 4. the nature and extent of the damages sustained by the infant or incompetent, and if the action or claim is for damages for personal injuries to the infant or incompetent, the name of each physician who attended or treated the infant or incompetent or who was consulted, the medical expenses, the period of disability, the amount of wages lost, and the present physical condition of the infant or incompetent;
>
> 5. the terms and proposed distribution of the settlement and his approval of both;
>
> 6. the facts surrounding any other motion or petition for settlement of the same claim, of an action to recover on the same claim or of the same action;
>
> 7. whether reimbursement for medical or other expenses has been received from any source; and
>
> 8. whether the infant's or incompetent's representative or any member of the infant's or incompetent's family has made a claim for damages alleged to have been suffered as a result of the same occurrence giving rise to the infant's or incompetent's claim and, if so, the amount paid or to be paid in settlement of such claim or if such claim has not been settled the reasons therefor.
>
> (b) Affidavit of attorney. If the infant or incompetent or his representative is represented by an attorney, an affidavit of the attorney shall be included in the supporting papers and shall state:
>
> 1. his reasons for recommending the settlement;
>
> 2. that directly or indirectly he has neither become concerned in the settlement at the instance of a party or person opposing, or with interests adverse to, the infant or incompetent nor received nor will receive any compensation from such party, and whether or not he has represented or now represents any other person asserting a claim arising from the same occurrence; and
>
> 3. the services rendered by him.
>
> (c) Medical or hospital report. If the action or claim is for damages for personal injuries to the infant or incompetent, one or more medical or hospital reports, which need not be verified, shall be included in the supporting papers.
>
> (d) Appearance before court. On the hearing, the moving party or petitioner, the infant or incompetent, and his attorney shall attend before the court unless attendance is excused for good cause.
>
> (e) Representation. No attorney having or representing any interest conflicting with that of an infant or incompetent may represent the infant or incompetent.
>
> (f) Preparation of papers by attorney for adverse party. If the infant or incompetent is not represented by an attorney the papers may be prepared by the attorney for an adverse party or person and shall state that fact.

CPLR § 1208(b) provides:

> Affidavit of attorney. If the infant or incompetent or his representative is
> represented by an attorney, an affidavit of the attorney shall be included in the
> supporting papers and shall state:
> 1. his reasons for recommending the settlement;
> 2. that directly or indirectly he has neither become concerned in the settlement at
> the instance of a party or person opposing, or with interests adverse to, the infant
> or incompetent nor received nor will receive any compensation from such party,
> and whether or not he has represented or now represents any other person asserting
> a claim arising from the same occurrence; and
> 3. the services rendered by him.

"The settlement agreement is a contract and its meaning must be discerned under several cardinal

principles of contractual interpretation." Brad H. v. City of New York, 17 N.Y.3d 180, 185, 928

N.Y.S.2d 221, 224 (2011).

> Under the traditional principles of contract law, the parties to a contract are free to
> make their bargain, even if the consideration exchanged is grossly unequal or of
> dubious value (*see, Spaulding v. Benenati,* 57 N.Y.2d 418, 456 N.Y.S.2d 733, 442
> N.E.2d 1244; *Hamer v. Sidway,* 124 N.Y. 538, 27 N.E. 256; 3 Williston, Contracts
> § 7:21, at 390 [Lord 4th ed.]; Restatement [Second] of Contracts § 74, comment *e;*
> § 79, comment *c).* Absent fraud or unconscionability, the adequacy of consideration
> is not a proper subject for judicial scrutiny (*Spaulding v. Benenati, supra,* 57
> N.Y.2d at 423, 456 N.Y.S.2d 733, 442 N.E.2d 1244). It is enough that something
> of 'real value in the eye of the law' was exchanged."

> Apfel v. Prudential-Bache Sec. Inc., 81 N.Y.2d 470, 475–76, 600 N.Y.S.2d 435
> (1993).

## APPLICATION OF LEGAL STANDARD

The petitioner failed to comply with the Court's September 28, 2020 order directing the

petitioner to "file the revised petition correcting the deficiencies, which shall include the

documents requested by the Court's September 4, 2020 order," on or before October 5, 2020,

because no revised petition correcting the deficiencies that includes the documents requested by

the Court's September 4, 2020 order, has been filed as of the date of this order, and the petitioner

did not seek an extension of time to file it.  The petitioner did not cure the procedural deficiency,

5

namely, the failure to comply with CPLR § 1208(a)(8), identified by the Court in its September 4, 2020 order.  Katsorhis states, in her affidavit, that

> in accordance with CPLR § 1208(a)(8), the infant's current physical condition is as follows: the laceration above [MK's] right eye requiring three (3) sutures, has completely healed without any complication.  There is a slight scar noted, however, the scar is mostly within her eyebrow and is mostly disguised.  Furthermore, the infant petitioner has achieved the maximum medical improvement from the treatment rendered and has resumed all of her usual activities without reservation and without limitation.

However, CPLR § 1208(a)(8), specifically identified in the Court's September 4, 2020 order, requires an affidavit from the infant's representative, not the infant's attorney, stating "whether the infant's or incompetent's representative or any member of the infant's or incompetent's family has made a claim for damages alleged to have been suffered as a result of the same occurrence giving rise to the infant's or incompetent's claim and, if so, the amount paid or to be paid in settlement of such claim or if such claim has not been settled the reasons therefor."  No affidavit by the infant's representative has been filed to cure the petitioner's failure to comply with CPLR § 1208(a)(8), despite multiple opportunities to do so provided by the Court's September 4, 2020 and September 28, 2020 orders and during the October 21, 2020 conference with the Court.

Katsorhis also states, in her affidavit, that "in accordance with CPLR § 1208(b)(2), our office represents Craig Keathley and Molly Keathley, parents of the infant, [MK], for claims arising from the same underlying incident causing harm to the infant.  All claims involving Craig Keathley and Molly Keathley as against all named Defendants have since been settled." However, CPLR § 1208(b)(2), specifically identified in the Court's September 4, 2020 order, requires an affidavit by the infant's attorney, stating "that directly or indirectly he has neither become concerned in the settlement at the instance of a party or person opposing, or with

interests adverse to, the infant or incompetent nor received nor will receive any compensation from such party, and whether or not he has represented or now represents any other person asserting a claim arising from the same occurrence." No such statement about the attorney's direct or indirect concern in the settlement is contained in the Katsorhis affidavit.

Katsorhis states, in her affidavit, that "[a]ll claims involving Craig Keathley and Molly Keathley as against all named Defendants have since been settled." Katsorhis does not identify the date to which she refers when she uses the word "since," and no date is mentioned in her affidavit statements. Katsorhis does not provide any details about: (a) the settlement of the claims of Craig Keathley and Molly Keathley, including the date, any settlement amount(s) or any other term(s) of the settlement agreement she references; and (b) the legal authority authorizing the settlement she references. Local Rule 83.2 of this court and CPLR § 1207 each provides that any settlement of an action by or on behalf of an infant, such as this one, must be approved by the Court.

> The property of infants is always, and in an especial manner, under the protection of the court, and every act, calculated to affect their interests injuriously, the courts are ever jealous to regard; and whenever the court can discover any dereliction of duty on the part of guardians or trustees of infants, they will be careful to require, at least, that all the forms of law shall be observed, and they will not allow guardians or trustees to be guilty of devastation of the estates of their wards or *cestui que trusts,* or to put them at hazard.
>
> Freeman v. Hulburt, 46 N.Y. 110, 116 (1871).

Thus, the settlement agreement referenced in the Katsorhis affidavit appears to be unauthorized.

The document styled "Proposed Settlement Agreement" does not contain any term(s) indicating that "something of 'real value in the eye of the law' was exchanged" in return for the defendants' payments of money. Apfel, 81 N.Y.2d at 475–76, 600 N.Y.S.2d at 435. "[P]laintiff's promise to forego litigation constituted valid consideration for the underlying

settlement agreement (*see generally, Wood Realty Trust v. Storonske Cooperage Co.,* 229 A.D.2d 821, 823, 646 N.Y.S.2d 410)." Della Rocco v. City of Schenectady, 278 A.D.2d 628, 630 n.2, 717 N.Y.S.2d 704, 706 n.2 (2000). Although the "Proposed Settlement Agreement" contains the terms by which the defendants "agree to pay to the Infant Plaintiff" certain sums of money, no releases of claims are mentioned in the document. See Wahl v. Barnum, 116 N.Y. 87, 96, 22 N.E. 280, 282 (1889) ("The transaction was not an executed settlement of one or more disputed claims, by which the claimant surrendered or released his demands in consideration of the payment of a sum agreed on, or upon the promise of future payment of the sum agreed on.").

The document styled "Proposed Settlement Agreement," proposing that the defendants pay $41,000 to the infant and filed on October 21, 2020, the same day the conference with the Court was held, does not mention attorney's fees. However, the document styled "Proposed Infant Compromised Settlement Order," filed on September 28, 2020, which the petitioner's attorney represented to the Court during the October 21, 2020 conference constitutes the parties' settlement agreement, contains terms proposing that unidentified amounts be authorized and directed to "The Katsorhis Law Firm P.C." by: (i) Surrender Gera and Kennedy out of $15,000; (ii) Samuel H, Kim out of $25,000; and (iii) Mark P. Ringo out of $1,000, "in full payment of attorneys' fees and costs." Docket Entry No. 25. Paragraph 2(a) of the document styled "Proposed Settlement Agreement," proposing that defendants Surinder Gera and Kennedy Annor pay the sum of $15,000 to the plaintiff, does not indicate whether the two defendants are bound to pay that sum jointly and severally. The lack of any mention of the attorney's fees in the document styled "Proposed Settlement Agreement," the content and discrepancies in the petitioner's filings are of grave concern to the Court, militating against the approval of the purported settlement agreement.

**CONCLUSION**

For the foregoing reasons, after multiple opportunities to correct the procedural and substantive deficiencies in the submissions, and in light of the unexplained change(s) in circumstances in connection with the petitioner's motion for settlement approval, the Court denies, with prejudice, the petitioner's motion for settlement of this action on behalf of the infant.  The parties are directed to complete the questionnaire found at Docket Entry No. 26, as they were directed to do previously, and file it prior to the November 10, 2020, 2:00 p.m., telephone conference.

Dated:  New York, New York                                    SO ORDERED:
            November 2, 2020

                                                                        _Kevin Nathaniel Fox_
                                                                        KEVIN NATHANIEL FOX
                                                                        UNITED STATES MAGISTRATE JUDGE